IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON MEYER, an individual, and ARGIL DX LLC f/k/a ZAP TECHNOLOGY SOLUTIONS LLC, a Nevada limited liability company, | No. 3:21-cv-00621<br><br>OPINION & ORDER |
|                 Plaintiff, | |
|   v. | |
| ANKUR MITTAL, an individual; ARGILDX CONSULTING PVT. LTD. f/k/a ACCUNITY SOFTWARE PVT. LTD., an Indian private company; and ADX CONSULTING INC., a Texas corporation, | |
|                 Defendants, | |
| ARGIL DX, an Oregon entity also known as ARGILDX, | |
|                 Nominal Defendant. | |

1 – OPINION & ORDER

Heather E. Harriman
Rose Law Firm
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035

Eric Charles Lang
The Lang Legal Group LLC
2566 Shallowford Road Ste 104 #230
Atlanta, GA 30345

      Attorneys for Plaintiffs

Susan D. Pitchford
Chernoff Vilhauer LLP
111 SW Columbia Street, Suite 725
Portland, OR 97201

      Attorney for Defendants

HERNÁNDEZ, District Judge:

Plaintiffs Jason Meyer and Argil DX LLC (formerly known as Zap Technology Solutions LLC) bring seven claims for relief against Defendants Ankur Mittal, Argildx Consulting Pvt. Ltd. (formerly known as Accunity Software Pvt.), ADX Consulting Inc., and nominal defendant Argil DX (also known as ArgilDX). Defendant ADX Consulting Inc. (ADX Consulting) moves to dismiss or strike Plaintiffs' claims against Nominal Defendant Argil DX and moves to dismiss or strike Plaintiffs' claims for trademark infringement, unlawful trade practices, intentional interference with economic relations, conspiracy, accounting, and constructive trust. For the reasons that follow, the Court denies in part and grants in part Defendant's Motion to Dismiss.[1]

//

---

[1] Defendant's motions are styled as motions to dismiss and motions to strike. On a Rule 12(f) motion to strike, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike are viewed with disfavor and are infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008), *aff'd,* 608 F.3d 1084 (9th Cir. 2010). Defendant makes no argument relevant to Rule 12(f). Thus, the Court declines to consider Defendant's motion as a motion to strike and construes it as a motion to dismiss only.

2 – OPINION & ORDER

## BACKGROUND

Plaintiff Jason Meyer owned Zap Technology Solutions, LLC (Zap). Complaint ("Compl.") ¶ 50, ECF 1. Defendant Ankur Mittal owned Accunity Software Pvt. (Accunity). Compl. ¶ 53. Both businesses dealt in "design, development, and implementation of digital marketing strategies." Compl. ¶ 51. In 2016, Plaintiff Meyer and Defendant Mittal and their respective businesses began to formally collaborate. Compl. ¶ 64. In October 2016, they conducted their first joint project for Company X.[2] Compl. ¶¶ 55–58. In January 2017, the parties agreed to collaborate on a second project for Company Y. Compl. ¶ 64. Because of their success with these projects, Plaintiff Meyer and Defendant Mittal discussed a formal business relationship to generate work and share profits. Compl. ¶ 66–67. The entities (Meyer owning Zap and Mittal owning Accunity) then began to work together under the name Argil DX. Compl. ¶ 70. They established a joint brand and online media presence. Compl. ¶¶ 77, 80, 88. They agreed not to seek or perform projects like the ones they were soliciting together and agreed to a specific profit-sharing scheme. Compl. ¶¶ 78–79. Argil DX's organizational charts named Plaintiff Meyer as the Global CEO and President under the "USA Structure" and Defendant Mittal as the President of the "INDIA Structure." Compl. ¶¶ 84–85. Other public social media websites identify them as co-founders. Compl. ¶¶ 89–91.

In the fall of 2020, Defendant Mittal identified a new project for Argil DX to work on with Company Z. Compl. ¶¶ 106–107. Defendant Mittal refused to share the project proceeds with Plaintiffs. Compl. ¶¶ 106–109. In January 2021, Defendant Mittal attempted to end Accunity's relationship with Zap. Compl. ¶ 110. During this same period, Defendant Mittal

---

[2] The Complaint uses pseudonyms to protect the anonymity of the parties' clients. Compl. at 11, FN 3.

3 – OPINION & ORDER

established ADX Consulting. Compl. ¶ 116. Accunity owns 75% of ADX Consulting and Defendant Mittal, his wife, and two other Accunity employees own the remaining 25%. Compl. ¶ 118.

Once the relationship between Zap and Accunity soured, Plaintiff Meyer alleges that he discovered Defendants Mittal, Accuntiy, and ADX Consulting had engaged in unlawful conduct. First, he alleges Defendants tried to "hijack" the Argil DX trademark and brand. Defendants have registered for the Argil trademark in India and applied for registration of the trademark Argil DX in the United States. Compl. ¶¶ 114, 124. Defendants also developed a business plan to expand in the U.S. that mirrored Argil DX's brand language. Compl. ¶ 123. Next, he alleges that Defendants have routed potential Argil DX customers to other businesses partially owned by Defendant Mittal. Compl. ¶¶ 141–144, 148–149. Finally, he alleges Defendants misrepresented how much Accunity paid its employees leading Accunity to receive a greater share of the proceeds from joint Argil DX projects than it should have under the parties' profit-sharing agreement. Compl. ¶¶ 150–155.

Plaintiffs filed this action on April 23, 2021. Compl. at 59. Plaintiffs bring direct claims against Defendants and in the alternative bring derivative claims on behalf of Argil DX. Compl. ¶¶ 156–165. Defendant ADX Consulting subsequently filed the present motion to dismiss. Def. Mot. Dismiss, ECF 11.[3]

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the

---

[3] The Court notes that Defendant Ankur Mittal and Defendant ArgilDX Consulting Pvt. Ltd. (f/k/a Accunity Software Pvt. Ltd.) are Indian nationals and have yet to be served. Pl. Report Regarding Service, ECF 21.

sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id*. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at 679.

## DISCUSSION

Plaintiffs bring seven claims for relief against Defendants: (1) a claim for trademark infringement; (2) a claim for unlawful trade practices; (3) a claim for intentional interference with economic relations; (4) a claim for breach of contract; (5) a claim for breach of fiduciary duty; (6) a claim for declaratory relief; and (7) a claim for "Remedies," which includes counts for conspiracy, accounting, and constructive trust. Defendant ADX Consulting moves to dismiss all claims against Nominal Defendant Argil DX and moves to dismiss Plaintiffs' claims for

trademark infringement, unlawful trade practices, intentional interference with economic relations, conspiracy, accounting, and constructive trust.

A legal determination of Argil DX's appropriate status is premature at this stage in the proceeding. The Court dismisses all claims against Argil DX, however, because it is an improper nominal defendant. The Complaint alleges sufficient facts to support claims for trademark infringement, intentional interference with economic relations, and conspiracy, therefore, the Court denies Defendant's motion to dismiss these claims. The Court also denies the motion to dismiss the "claims" for accounting and constructive trust, as these are equitable remedies, not substantive legal claims. Finally, the Court grants Defendant's motion to dismiss Plaintiffs' claim for unlawful trade practices because Plaintiffs lack standing to bring this claim.

**I.        Nominal Defendant Argil DX**

Defendant moves to dismiss Plaintiffs' claims against Argil DX as an improper nominal defendant. Defendant does not argue that Plaintiffs failed to allege sufficient facts as to Argil DX's status in the case. Instead, it argues that Argil DX is a brand used by the companies Accunity and Zap and not a legal entity. Defendant makes its argument based on an Oregon Secretary of State public filing and asks the Court to take judicial notice of the filing.

The Ninth Circuit has cautioned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The filing offered by Defendant does not contradict allegations in the Complaint. Rather, it appears the filing is being offered by Defendant in an attempt to "to present their own version of the facts at the pleading stage." *Id.* at 999. For these reasons, the Court declines to a make a finding that Argil DX is an improper nominal defendant on this basis.

However, because Plaintiff brings derivative claims on behalf of Argil DX, Argil DX cannot be a nominal defendant. *See* Compl. ¶ 161 ("If it is found that Argil DX is an entity, then at least some of the relief sought in this Complaint is derivative in nature."). In a shareholder derivative suit, a corporation is not a nominal party because the claims, by definition, are brought on behalf of the corporation. *Ross v. Bernhard*, 396 U.S. 531, 534 (1970). Because the shareholder is alleging an injury to and seeking a remedy for the corporation, the corporation is a real party in interest. *Id.* at 538. Plaintiff pleads direct claims against Defendants, and derivative claims in the alternative on behalf of Argil DX. Compl. ¶¶ 157–165. Accordingly, Argil DX cannot be a nominal defendant. *See Ross*, 396 U.S. at 538; *Koster v. Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 522-23 (1947). The Court grants Defendant's motion to dismiss all claims against Argil DX and dismisses Argil DX as a nominal defendant.

## II.     Trademark Infringement

Defendant moves to dismiss Plaintiffs' claim for trademark infringement. There are two counts under Plaintiffs' first claim for relief: (1) violation of § 43(a) of the Lanham Act and (2) common law unfair competition and trademark infringement. Compl. ¶¶ 166–181.

To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must show "(1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark 'is likely to cause confusion, or to cause mistake, or to deceive' consumers." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (internal quotations and citations omitted).

Claims for common law trademark infringement are analyzed using the same framework under the Lanham Act. *Classic Instruments v. Vdo–Argo Instruments*, 73 Or. App. 732, 736, 700 P.2d 677, 684 (1985). Similarly, "unfair competition is limited to misappropriation of a

competitor's intellectual property, such as trade name or trade dress, and it requires a showing of a likelihood of consumer confusion." *Volt Servs. Group v. Adecco Empl. Servs., Inc.*, 178 Or. App. 121, 135 (2001). Therefore, the outcome of the trademark infringement, common law trademark infringement, and unfair competition counts all rely on finding that Plaintiffs plausibly alleged a protectable interest in the mark and likelihood of confusion. Defendant contends Plaintiffs failed to allege facts sufficient to show both elements.

### A.   Valid Trademark

"[E]ven if a trademark is not federally registered, it may still be enforceable under § 43(a) of the Lanham Act." *Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017). Without registration, "the plaintiff is left with the task of satisfying its burden of proof of establishing a valid mark." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005).

Defendant does not offer argument in support of its contention that Plaintiffs failed to show a valid mark. The Court finds that there are sufficient allegations in the Complaint that Plaintiffs used the mark Argil DX before Defendant filed its federal trademark application and held itself out as Argil DX.

Plaintiffs allege they began to work under the name Argil DX in 2017. Compl. ¶¶ 65–71. At that time, they allege that they held a public announcement of the company as "Argil DX" and established a public website and social media presence under the name Argil DX. *Id.* ¶¶ 80–82, 87–89. They allege that despite this senior use of the mark, Defendant ADX Consulting began to use the name "Argil" and applied for registration of the trademark "Argil DX" in the United States in January 2021. ¶¶ 124–129. These allegations are sufficient to establish a protectable interest in the mark Argil DX.

B. **Likelihood of Confusion**

"[T]he critical determination [on a trademark infringement claim] is whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (internal quotations and citations omitted). The Complaint adequately alleges likelihood of confusion. Given that the alleged infringing use is for the exact same name, it goes without saying that use of the mark by Defendant could confuse and deceive customers.[4] In fact, Plaintiffs allege that confusion in the marketplace has already occurred. ¶¶ 140–144.

Plaintiffs have alleged sufficient facts to support their trademark infringement claims. The Court denies Defendant's motion to dismiss Plaintiffs' first claim for relief.[5]

### III. Unlawful Trade Practices Pursuant to O.R.S. 646.608

Plaintiffs' second claim alleges that Defendant's conduct violated the Oregon Unlawful Trade Practices Act ("UTPA"), O.R.S. 646.608. Defendant moves to dismiss this claim arguing that Plaintiffs have not plead "any facts relating to causation and harm." Def. Mot. at 7. Plaintiffs contend that the Complaint is "rife" with allegations supporting various unlawful trade practices under O.R.S. 646.608. The Court does not address these arguments because the Court finds that Plaintiffs lack standing to pursue their UTPA claim.

---

[4] Given the obviousness of the likelihood of confusion on these alleged facts the Court declines to discuss the *Sleekcraft* factors which include: "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Jada Toys, Inc.*, 518 F.3d at 632 (citing *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir. 1979)).

[5] At two points in its motion, Defendant asserts that Plaintiffs have failed to support their derivative claims. Def. Mot. at 6, 8, ECF 11. Defendant does not provide the Court with any argument or citations supporting its assertions. The Court will not attempt to develop the parties' arguments for them and denies Defendant's motion as it relates to Plaintiffs' alternative derivatives claims.

9 – OPINION & ORDER

As this Court and other courts in this district have previously held, "the UTPA is limited to consumer actions." *See Pulse Health LLC v. Akers Biosciences, Inc.*, No. 3:16-CV-01919-HZ, 2017 WL 1371272, at *8 (D. Or. Apr. 14, 2017) (describing relevant holdings in this district and declining to extend the UTPA to competitors). Oregon courts have also found that UTPA applies only to consumer transactions. *See Investigators, Inc. v. Harvey*, 53 Or. App. 586, 590, 633 P.2d 6, 8 (1981) ("The [UTPA] applies only to consumer transactions; it does not regulate commercial transactions."); *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90, 566 P.2d 1177, n. 4 (1977) ("In section 3, ... the language 'unfair methods of competition' had been deleted, since the bill seeks to protect consumers rather than businesses."); *Graham v. Kold Kist Beverage Ice, Inc.*, 43 Or. App. 1037, 1040, 607 P.2d 759, 761 (1979) ("primary purpose of the [UTPA] was to protect consumers, rather than businesses").

Plaintiffs' allegations support that this is a dispute between competing businesses and their respective owners. Plaintiffs do not allege that they are a consumer of Defendant's products or services. Thus, Plaintiffs lack standing to bring a UTPA claim. This claim is dismissed.

**IV.     Intentional Interference with Economic Relations**

Defendant moves to dismiss Plaintiffs' third claim for interference arguing Plaintiffs failed to allege the necessary elements of the claim.

In Oregon, to state a claim for intentional interference with economic relations, a plaintiff must allege: "(1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship

or prospective advantage; and (6) damages." *Allen v. Hall,* 328 Or. 276, 974 P.2d 199, 202 (1999) (citation omitted).

Plaintiffs allege Defendant intentionally used the Argil DX name, email address, and other actions to try to steal customers. Compl. ¶¶ 132, 140–144, 149. Argil DX had the initial business relationship or contact with these customers. ¶¶ 141–143, 146–148. Plaintiffs allege that Defendant intentionally interfered with these customer relationships and as a result that they lost business opportunities, contracts, and sales. ¶¶ 149, 194, 196. The Complaint alleges each of the necessary elements of a claim for intentional interference with economic relations. Defendant's motion to dismiss Plaintiff's third claim is denied.

**V.    Conspiracy**

Defendant moves to dismiss count three of Plaintiff's seventh claim for relief—conspiracy.

"A civil conspiracy consists of (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as a result of the overt act or acts." *Morasch v. Hood*, 232 Or. App. 392, 402, 222 P.3d 1125, 1131–32 (2009). "However, civil conspiracy is not, itself, a separate tort for which damages may be recovered; rather, it is a 'way[ ] in which a person may become jointly liable for another's tortious conduct.'" *Id.* at 1132 (quoting *Granewich v. Harding*, 329 Or. 47, 53, 985 P.2d 788, 792 (1999)) (alteration in original).

Defendant contends Plaintiffs' allegations fail to state a claim for conspiracy because Plaintiffs fail to plead facts relevant to ADX Consulting. Plaintiffs allege that Defendant ADX Consulting, in concert with others, attempted to steal Plaintiffs' customers. ¶ 149. ADX Consulting is also listed on the allegedly infringing trademark application. ¶ 124. As discussed

above, Plaintiffs allege damages based on the alleged conspiracy to steal customers and the Argil DX mark. Accordingly, Plaintiffs state a cognizable theory of civil conspiracy. The Court denies Defendant's motion to dismiss count three of Plaintiffs' third claim for relief.

## VI.     Accounting and Constructive Trust

Defendant moves to dismiss counts one and two of Plaintiff's seventh claim for relief—accounting and constructive trust. While titled "claim for relief" these counts appear in the remedies section of Plaintiffs' Complaint. ¶¶ 263–274.

Accounting is an equitable remedy, not a claim under the law. *Brown's Indus., Inc. v. Snow Mountain Pine Co.*, No. CIV. 87-1119-FR, 1989 WL 142411, at *22 (D. Or. Oct. 26, 1989). "An interested party may compel an accounting 1) when a trust has been established; 2) when a fiduciary relationship exists between the parties and one party has the duty to render an account to the other; 3) when an accounting is incidental to other equitable relief; and 4) when the account is too complex for a jury to unravel." *Id.* (citing *Flaherty v. Bookhultz*, 207 Or. 462, 466–67, 297 P.2d 856 (1956)).

A constructive trust is not an independent cause of action but a remedy. *See Wadsworth v. Talmage*, 365 Or. 558, 577, 450 P.3d 486, 496, *opinion adhered to as modified on reconsideration*, 366 Or. 15, 453 P.3d 1289 (2019) ("a constructive trust is a form of remedy for unjust enrichment"); *see also Evergreen W. Bus. Ctr., LLC v. Emmert*, 354 Or. 790, 797, 323 P.3d 250, 255 (2014) ("The concept of constructive trust does not stand on its own as a substantive claim, but exists solely as an equitable remedy, available to divest an individual who has been unjustly enriched of property that he or she 'ought not, in equity and good conscience, hold and enjoy.'") (quoting *Marston v. Myers et ux.*, 217 Or. 498, 509, 342 P.2d 1111, 1116 (1959)).

Defendant argues Plaintiffs failed to allege sufficient facts to support claims for accounting and constructive trust. As noted above, accounting and constructive trust are equitable remedies, not separate causes of action. On a motion to dismiss, a court may dismiss legally deficient requests for relief. *Hyp3r Inc. v. Mogimo Inc.*, No. 17-CV-02977-JSW, 2017 WL 11515712, at *3 (N.D. Cal. Nov. 8, 2017) (finding that a court can choose to address requests for relief in a pleading that fail as a matter of law). Defendant, however, does not argue that these remedies fail as a matter of law. At this stage, Plaintiffs do not need to plead specific facts to support its requested remedies, Plaintiffs only need to adequately plead claims that trigger the requested remedies. If a plaintiff "has stated a cause of action for any relief, it is immaterial what he designates it or what he has asked for in his prayer; the court will grant him the relief to which he is entitled under the facts pleaded." *Shanesy v. Ford Motor Co.*, 7 F.R.D. 199, 201 (N.D. Ill. 1946). Defendant does not argue that Plaintiffs failed to adequately plead the underlying tort that supports accounting and constructive trust as remedies or that these equitable remedies fail as a matter of law. Accordingly, Defendant's motions to dismiss Plaintiffs' count one and two of its seventh claim for relief are denied.

## CONCLUSION

Defendant ADX Consulting's Motion to Dismiss [11] is GRANTED in part and DENIED in part. Plaintiff is given 14 days to amend its complaint curing the deficiencies identified above.

IT IS SO ORDERED.

DATED:   November 16, 2021   .

_____
MARCO A. HERNÁNDEZ
United States District Judge

13 – OPINION & ORDER