IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON MEYER, an individual, and ARGIL DX LLC f/k/a ZAP TECHNOLOGY SOLUTIONS LLC, a Nevada limited liability company,<br><br>                Plaintiffs,<br><br>    v.<br><br>ANKUR MITTAL, an individual; ARGILDX CONSULTING PVT. LTD. f/k/a ACCUNITY SOFTWARE PVT. LTD., an Indian private company; and ADX CONSULTING INC., a Texas corporation,<br>                Defendants. | No. 3:21-cv-00621-HZ<br><br>OPINION & ORDER |

Heather E. Harriman
Rose Law Firm
5200 Meadows Road, Suite 150
Lake Oswego, OR 97035

Eric Charles Lang
The Lang Legal Group LLC
2566 Shallowford Road Ste 104 #230
Atlanta, GA 30345

        Attorneys for Plaintiffs

1 – OPINION & ORDER

Susan D. Pitchford
Stuart Leijon
Chernoff Vilhauer LLP
111 SW Columbia Street, Suite 725
Portland, OR 97201

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Plaintiffs Jason Meyer and Argil DX LLC (formerly known as Zap Technology Solutions LLC) bring seven claims for relief against Defendants Ankur Mittal, Argildx Consulting Pvt. Ltd. (formerly known as Accunity Software Pvt.), and ADX Consulting Inc. Plaintiffs move the Court for an order permitting alternative service of process on Defendant Ankur Mittal and Defendant ArgilDX Consulting Pvt. Ltd. (f/k/a Accunity Software Pvt. Ltd.) (herein "International Defendants"). For the reasons that follow the Court grants the motion in part.

## BACKGROUND

       Plaintiffs allege the parties had a joint business or brand related to digital market strategies. Am. Compl. ¶¶ 50–71, 73–85, ECF 29. According to Plaintiffs, once the parties' relationship broke down, Defendants began to steal their clients, brand, and trademark. Am. Compl. ¶¶ 109–10, 113, 132. Plaintiffs filed this action on April 23, 2021.  Compl., ECF 1

       On May 26, 2021, counsel for Defendants agreed to accept service on behalf of Defendant ADX Consulting, Inc., but would not accept service on behalf of the International Defendants. Harriman Decl. ¶ 6, ECF 41. The International Defendants are located in India and have yet to be served. Hitik Decl. ¶ 7, ECF 42. Plaintiffs initiated service of process in India with the help of an attorney who is an expert in international service of process. Hitik Decl. ¶ 7. The service documents were sent to the Central Authority in India on June 23, 2021 and received on July 3, 2021. *Id.* ¶ 9; Pls.' Mot. at 4. Plaintiffs have attempted to check on the status of the matter several times with no success. *Id.*

2 – OPINION & ORDER

In February 2022, counsel for Defendants stated that she no longer represented the International Defendants.[1] Plaintiffs move the Court for an order permitting service of process on the International Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) by the following methods:

> (a) On Mittal: electronic mail, via ankur@axeno.co;
> (b) On Accunity: electronic mail, via ankur@axeno.co;
> (c) On both Mittal and Accunity: via email to counsel Susan Pitchford, with an order requiring her to forward such email to her former clients; and
> (d) With respect to Defendant Accunity only, service on ADX, which may be accomplished under Fed. R. Civ. P. 5(d) because ADX is already a party.[2]

Pls. Mot. at 2.

## DISCUSSION

I.   **Service by Email on the International Defendants**

Federal Rule of Civil Procedure 4(f) governs service of process in foreign countries. Per Rule 4(f)(1), an individual or corporation may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(3) allows service "by any other means not prohibited by international agreement, as the court orders." Plaintiffs ask the Court for an order permitting service on the International Defendants pursuant to Rule 4(f)(3).

---

[1] In response to Plaintiffs' Motion for Alternative Service, counsel for Defendant ADX Consulting, Ms. Susan Pitchford, sent a letter attached to an email to the Court. Seeing as Ms. Pitchford no longer represents the International Defendants, the Court will not consider any correspondence sent on their behalf. To the extent Ms. Pitchford attempts to challenge the motion on behalf of her client ADX Consulting, she has not demonstrated why Defendant ADX Consulting has standing to challenge this motion or how its interests are adverse to Plaintiffs' motion.

[2] The Court declines to authorize service on Defendant ADX Consulting pursuant to Rule 5(d). Plaintiffs provide no explanation as to why this method is proper in its motion.

3 – OPINION & ORDER

There is no preferred method of service under Rule 4(f) and a party need not attempt service by other means before moving the court for an order under Rule 4(f)(3). *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citation and internal quotation marks omitted). Any alternative service method authorized by the court though cannot be prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). "Courts applying Rule 4(f)(3) have approved 'a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email." *Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1374 (D. Or. 2014) (citing *Rio Props.*, 284 F.3d at 1016).

Plaintiffs have been diligent in their attempted service through the Hague Convention. Over eight months have lapsed since the Central Authority in India received their paperwork. *See* Fed. R. Civ. P. 4(f) advisory committee's notes to 1993 amendment ("The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months."). Service authorized by the Hague Convention has not been effective, thus, the Court turns to Plaintiff's Motion for Alternative Service. The threshold question is whether Plaintiff's requested alternative means of service—email— is prohibited by international agreement.

The Hauge Convention governs service on individuals in foreign countries that have signed the treaty. Fed. R. Civ. P. (f)(1). India is a signatory to the Hague Convention but does not allow service by postal channels. *Amazon.com Inc. v. Robojap Techs. LLC*, No. C20-694 MJP,

4 – OPINION & ORDER

2021 WL 4893426, at *2 (W.D. Wash. Oct. 20, 2021). While some courts have read the prohibition on service by postal channels to necessarily include email, no authority "expressly provides or implies that email service is prohibited by international agreement." *Will Co. v. Kam Keung Fung*, No. 3:20-CV-05666-RSL, 2020 WL 6709712, at *2 (W.D. Wash. Nov. 16, 2020); *but see Robojap Techs. LLC*, No. C20-694 MJP, 2021 WL 4893426, at *2. (collecting cases and declining to allow for email service when the Hauge Convention applies). As far as the Court is aware, no international agreement that India is a party to expressly prohibits service by email. *Id.* Accordingly, the Court agrees with the majority of district courts in the Ninth Circuit that the Hague Convention does not prohibit email service. *Amazon.com Inc. v. Sirowl Tech.*, No. C20-1217 RSL-JRC, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020); *Will Co. v. Kam Keung Fung*, No. C20-5666 RSL, 2020 WL 6709712, at *2 (W.D. Wash. Nov. 16, 2020); *In re LDK Solar Sec. Litig.*, No. C07–05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008); *Williams–Sonoma Inc. v. Friendfinder Inc.*, No. C06–06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007); *Shinde v. Nithyananda Found.*, No. EDCV1300363-JGB-SPX, 2014 WL 12597121, at *6–7 (C.D. Cal. Aug. 25, 2014); *DisputeSuite.com, LLC v. Credit Umbrella Inc.*, No. CV146340, 2015 WL 12911757, at *4 (C.D. Cal. June 2, 2015)). Furthermore, service by email in this case comports with due process. Defendants appear to conduct the majority of their business online and they already have actual notice of this action. *See Calista Enterprises Ltd. v. Tenza Trading Ltd.*, 40 F. Supp. 3d 1371, 1376 (D. Or. 2014) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); Harriman Decl. ¶¶ 5–6. For these reasons, the Court authorizes service by email on the International Defendants.

//

//

5 – OPINION & ORDER

## II. Service by Email on International Defendants' Former Counsel

As another possible means of service, Plaintiffs move the Court for an order allowing them to serve the International Defendants, pursuant to Rule 4(f)(3), by serving the summons and complaint via email on their former counsel, Ms. Susan Pitchford. As discussed above, service under Rule 4(f)(3) is allowed as long as it is "(1) directed by the court; and (2) not prohibited by international agreement." *Rio Props.*, 284 F.3d at 1014 (internal quotation marks omitted). Again, the question here is whether service on the International Defendants' former attorney is prohibited by the Hauge Convention.

Nothing in the Hauge Convention expressly prohibits service on a foreign defendant's United States based counsel or former counsel. *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011). Additionally, at least one judge in the District of Oregon has concluded that "[i]f service is effected domestically, then the Hague Service Convention does not apply." *Calista Enterprises Ltd.*, 40 F. Supp. 3d at 1376. With this in mind, many federal courts have ordered service on United States based counsel. *Calista Enterprises Ltd.*, 40 F. Supp. 3d at 1376 (collecting cases). But even if this method of service is not expressly prohibited by international agreement, the court must ensure it does not violate due process. *Id.* Alternative service must "provide[]'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Volkswagenwerk*, 486 U.S. at 705 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Until February 9, 2022, Ms. Pitchford represented the International Defendants. Harriman Decl. ¶ 5. The record suggests that up to that point, she was in regular communication with them. She represented them at a mediation in October 2021. Harriman Decl. ¶¶ 6–8. At a status

conference with the Court on February 3, 2022, Ms. Pitchford did not correct the Court when it suggested she represented all the Defendants in this matter. Transcript 5:7–10; *see also* 3:23–24 ("Susan Pitchford and Sutart Leijon from Chernoff Vilhauer are here for <u>defendants</u>." (emphasis asdded)), ECF 45. [3] It is thus reasonable to conclude that Ms. Pitchford would have a reliable method of contacting the International Defendants, as she has through February 2022. Additionally, the relationships between the International Defendants and Defendant ADX Consulting suggest they may already be involved with Ms. Pitchford's representation of Defendant ADX Consulting. Defendant Ankur Mittal is a founder and primary shareholder of Accunity. Am. Compl. ¶ 14; Answer ¶ 14. Defendant Accunity is a shareholder of Defendant ADX Consulting. Am. Compl. ¶ 17; Answer ¶ 17. Defendant Mittal, as an individual, is also a Director and shareholder of Defendant ADX Consulting. Am. Compl. ¶ 18; Answer ¶ 18.

Though unconventional, service on the International Defendants' former counsel is perhaps better calculated to ensure they receive notice of the action than direct email. The Court finds that service by email on the International Defendants' former counsel, in combination with direct email to International Defendants, provides the best assurance that they will be apprised of the action.

//

//

---

[3] Plaintiffs argue Ms. Pitchford's withdrawal of representation is suspect because she stopped representing the International Defendants after Plaintiffs disclosed their plan to move for service on their United States based counsel. Indeed, at the parties' conferral conference regarding Plaintiffs' pending Motion for Alternative Service, Ms. Pitchford stated for the first time that she no longer represented the International Defendants. Harriman Decl. ¶ 11. The Court agrees that the circumstances of the withdrawal suggest the International Defendants may have been attempting to avoid service. While not dispositive, this finding supports that alternative methods of service are appropriate in this case.

7 – OPINION & ORDER

## CONCLUSION

The Court GRANTS IN PART Plaintiffs' Motion for Alternative Service on Defendant Ankur Mittal and Defendant ArgilDX Consulting Pvt. Ltd. (f/k/a Accunity Software Pvt. Ltd.) [40]. Plaintiffs may serve the International Defendants by email and by service on their former United States based counsel. The Court DENIES the remainder of Plaintiffs' motion.

IT IS SO ORDERED.

DATED:\_\_\_\_April 4, 2022\_\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge