IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON MEYER, an individual, and
ARGIL DX LLC f/k/a ZAP
TECHNOLOGY SOLUTIONS LLC, a
Nevada limited liability company,

     Plaintiffs,

 v.

ANKUR MITTAL, an individual;
ARGILDX CONSULTING PVT. LTD.
f/k/a ACCUNITY SOFTWARE PVT.
LTD., an Indian private company; and
ADX CONSULTING INC., a Texas
corporation,
     Defendants.

No. 3:21-cv-00621

OPINION & ORDER

HERNÁNDEZ, District Judge:

  Plaintiffs Jason Meyer and Argil DX LLC (formerly known as Zap Technology Solutions LLC) bring seven claims for relief against Defendants Ankur Mittal, Argildx Consulting Pvt. Ltd. (formerly known as Accunity Software Pvt.), and ADX Consulting Inc. Defendant ADX Consulting brings a counterclaim for breach of contract. Plaintiffs move to dismiss Defendant ADX Consulting's counterclaim. For the reasons that follow, the Court grants the motion.

1 – OPINION & ORDER

# BACKGROUND

The Court's prior order on Plaintiffs' motion to dismiss lays out the facts relevant to this case. *See* ECF 27. In brief, in the underlying Complaint, Plaintiffs allege the parties had a joint business or brand related to digital market strategies. Am. Compl. ¶¶ 50–71, 73–85, ECF 29. According to Plaintiffs, once the parties' relationship broke down, Defendants began to steal their clients, brand, and trademark. Am. Compl. ¶¶ 109–10, 113, 132. In its Answer, Defendant ADX Consulting brings a counterclaim for breach of contract against Plaintiff that is related to the parties' joint business. Answer at 31, ECF 33. Plaintiffs move to dismiss the counterclaim for failure to state a claim. Defendant ADX Consulting's counterclaim is included in full below:

> Counterclaimant/Defendant ADX Consulting, Inc. believes that it has been and will continue to be damaged, and hereby asserts the following Counterclaims against Plaintiff.
>
> 1. In January 2017, Defendants Mittal/Accunity and Plaintiffs engaged in a project to consult on and develop a paywall for Company Y.
>
> 2. Defendant Mittal closed the deal with Company Y, but because Company Y is U.S. based, Plaintiffs and Defendants agreed that Plaintiffs would accept payment from Company Y and Defendants Mittal/Accunity would bill Plaintiffs for consultation and development services.
>
> 3. On May 1, 2019, Defendant Accunity sent an invoice to Plaintiffs for the work on the Company Y project, due to be paid by May 31, 2019. The amount invoiced was $186,440.00 less $10,179.99 already paid for a net outstanding debt of $176,260.01
>
> 4. In August 2019, Plaintiffs acknowledged that this and other debts from Plaintiffs to Defendant Accunity remained outstanding. As of the date of this Answer, the $176,260.01 debt has not been paid.
>
> 5. Defendants Accunity/Mittal assigned the right to collect on this debt to Defendant ADX Consulting.
>
> 6. Defendant ADX Consulting is entitled to recover the full amount of this debt from Plaintiffs plus interest.

*Id.*

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Plaintiffs move to dismiss Defendant ADX Consulting's counterclaim arguing it failed to allege the necessary elements for a breach of contract claim.[1] They also argue there are defects in

---

[1] Plaintiff also argues as though Defendant has brought a cause of action to collect a debt or a cause of action for unjust enrichment. Defendant's counterclaim is titled "Breach of Contract."

3 – OPINION & ORDER

how Defendant ADX Consulting has alleged assignment of the contract. Defendant ADX Consulting responds that it stated a claim for breach of contract and that any problem with the assignment may be evaluated through the discovery process.

To plead a breach of contract claim under Oregon law, a party must show: (1) the existence of a contract; (2) its relevant terms; (3) the plaintiff's full performance and lack of breach; and (4) the defendant's breach resulting in damage to the plaintiff. *Schmelzer v. Wells Fargo Home Mortg.*, No. CV-10-1445-HZ, 2011 WL 5873058, at *4 (D. Or. Nov. 21, 2011) (citing *Slover v. Or. State Bd. Of Clinical Soc. Workers*, 144 Or. App. 565, 570–71, 570, 927 P.2d 1098, 1101 (1996)).

Defendant ADX Consulting alleges the necessary facts to support a claim for breach of contract. Still, the Court dismisses the claim because Defendant fails to allege sufficient facts to support the assignment allegation. The party asserting breach bears the burden of proving the existence of an enforceable contract. *Holdner v. Holdner*, 176 Or. App. 111, 120, 29 P.3d 1199, 1203 (2001). An oral contract is enforceable so long as it represents a meeting of the minds on "the essential terms," but not necessarily all terms. *Pacificorp v. Lakeview Power Co.*, 131 Or. App. 301, 307, 884 P.2d 897, 901 (1994). Here, Defendant ADX Consulting alleges Defendants Mittal/Accunity and Plaintiffs had an oral contract and that they agreed to the relevant terms—that Plaintiffs would accept payment from Company Y and Defendants Mittal/Accunity would bill Plaintiffs for their work on the project. Answer Crossclaim ¶¶ 1–2. Defendant ADX Consulting goes on to allege that Plaintiffs acknowledged that Defendants Mittal/Accunity had performed and failed to pay them, resulting in harm. Answer Crossclaim ¶¶ 3–4. These

---

Defendant is a represented party. Accordingly, the Court will not construe its pleading so liberally as to consider whether its allegations support unnamed causes of action.

4 – OPINION & ORDER

allegations plausibly state a claim for breach of contract— but not one brought by Defendant ADX Consulting.

Defendant ADX Consulting argues it can raise the breach of contract claim because it alleges "Defendants Mittal/Accunity assigned the right to collect on this debt to Defendant ADX Consulting." Answer Crossclaim ¶ 5. But the assignment allegation lacks necessary details. It is not clear, for example, which Defendants initially held the contract rights, and what rights were assigned to Defendant ADX Consulting. Defendant ADX Consulting alleges it was "assigned the right to collect on the debt," but it brings a claim for breach of contract. This implies the contract itself was assigned to Defendants. Without more specificity, the Court cannot decipher if Defendants Mittal and Accunity assigned the rights to the contract, the May 2019 invoice, or the right to collect the debt under the May 2019 invoice or the contract. This is critical because which rights were assigned affects whether Defendant ADX Consulting has standing to bring this claim. Accordingly, the Court dismisses Defendant's counterclaim with leave to amend.

The Court is not persuaded, however, that the assignment violates public policy, as Plaintiffs argue. "As a general rule, contracts and the rights growing out of them are assignable." *Folquet v. Woodburn Pub. Sch.*, 146 Or. 339, 341–42, 29 P.2d 554, 555 (1934) "It is well settled, however, that, if a contract is personal in its nature, or if it contains a stipulation against assignment, or if the assignment of it is forbidden by statute or public policy, it comes within the exception to the general rule and is not assignable." *Id.* Plaintiff has not shown that this assignment is per se void because of public policy. Plaintiff cites *Todd v. Franklin Collection Serv., Inc.*, for the proposition that courts do not allow litigants "to use assignments to change who can and cannot come before them." 694 F.3d 849, 851 (7th Cir. 2012); Pl. Mot. at 10. But that case concerned "the assignment of legal claims to non-attorneys in order to litigate without a

license." *Id.* Plaintiff has not shown that a party may not use a valid assignment as a litigation tactic. And as Defendant points out, whether this was a valid assignment executed in good faith and pursuant to Oregon law can be challenged at a later stage in the litigation.

## CONCLUSION

Plaintiffs' Motion to Dismiss [35] is GRANTED. Defendant ADX Consulting may submit an amended counterclaim within 14 days of this order

IT IS SO ORDERED.

DATED:     April 7, 2022     .

*Marco Hernandez*

MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER