IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON MEYER, an individual, and
ARGIL DX LLC f/k/a ZAP
TECHNOLOGY SOLUTIONS LLC, a
Nevada limited liability company, and
ARGIL DX, putative partnership,

        Plaintiffs,

   v.

ANKUR MITTAL, an individual; AXENO
CONSULTING PVT. LTD. f/k/a
ARGILDX CONSULTING PVT. LTD.
f/k/a ACCUNITY SOFTWARE PVT.
LTD., an Indian private company; and
ADX CONSULTING INC., a Texas
corporation,
        Defendants.

No. 3:21-cv-00621-HZ

OPINION & ORDER

Heather Harriman
Eric Lang
Rose Law Firm, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035

   Attorneys for Plaintiffs

1 – OPINION & ORDER

Sara Cotton
Nika Aldrich
Mario Delegato
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave, Ste 1900
Portland, OR 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

    Defendants submit a document created by Nangia Andersen LLP ("the Nangia proposal") to the Court for in camera review to determine whether the document is protected by the attorney-client privilege. For the following reasons, the Court concludes that the Nangia proposal is not privileged.

## BACKGROUND

    Defendants submit the Nangia proposal for in camera review in accordance with this Court's Order. ECF 151. The Nangia proposal is among the documents Plaintiff Meyer downloaded from the Microsoft 365 server the parties used for their business collaboration. Def. Mot. Summ. J. 2, ECF 106; Pl. Resp. 3, ECF 134. Those documents include Defendants' emails and files attached to the emails. *Id.* The legality of Plaintiff Meyer's actions is disputed and is the subject of Defendants' pending motion for partial summary judgment and sanctions.

    The parties' briefing on Defendants' motion for partial summary judgment and sanctions addresses the status of the Nangia proposal. According to Defendants, Defendant Axeno retained two individuals at Nangia Andersen "to provide Axeno with legal advice in relation to strategies for expanding Axeno's business in the United States, independent of Mr. Meyer and Zap." Mittal Decl. Summ. J. ¶ 22, ECF 107. Defendants assert that these individuals are tax attorneys. Def. Mot. Summ. J. 7 (citing Mittal Decl. Summ. J. ¶¶ 22-24). Plaintiffs argue that they are business consultants and strategists. Pl. Resp. 24. Defendants also note that the Nangia proposal was

quoted in Plaintiffs' complaint. Def. Mot. Summ. J. 34. *See also* Compl. ¶ 122. The complaint was filed on April 23, 2021. Defendant ADX Consulting waived service on June 1, 2021. ECF 6. Defendants Mittal and Axeno were served on April 7, 2022. ECF 58. Plaintiffs assert that Defendants waived the attorney-client privilege by failing to timely assert it. Pl. Resp. 23. Defendants disagree, arguing that they were uncertain about which documents Plaintiffs had accessed and that they took reasonable measures to protect their documents by moving their emails to a different server and deleting them on the shared server. Def. Reply 23-25, ECF 140.

## STANDARDS

Federal common law on the attorney-client privilege governs where, as here, the case arises under federal law. *United States v. Zolin*, 491 U.S. 554, 562 (1989). "The party asserting attorney-client privilege bears the burden of proving each element of an eight-part test used to determine whether information is covered by the attorney-client privilege[.]" *A.F. v. Providence Health Plan*, 173 F. Supp. 3d 1061, 1074 (D. Or. 2016). Those elements are:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (citing *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). The privilege may cover communications between an attorney and a party who sought to become a client. *United States v. Layton*, 855 F.2d 1388, 1406 (9th Cir. 1988) (overruled on other grounds).

When a communication has more than one purpose, the court must determine "whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or tax advice." *In re Grand Jury*, 23 F.4th 1088, 1091-92 (9th Cir. 2021), *cert. granted*

3 – OPINION & ORDER

*sub nom. In re Jury,* 143 S. Ct. 80 (2022), and *cert. dismissed as improvidently granted*, 143 S. Ct. 543 (2023).[1]

A litigant may waive the attorney-client privilege even if the disclosure of the privileged communication is involuntary. *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992). When disclosure is involuntary, the privilege is not waived "if the privilege holder has made efforts 'reasonably designed' to protect and preserve the privilege." *Id.* at 750 (citation omitted). The privilege is waived "if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." *Id.* In *de la Jara*, the Ninth Circuit held that the defendant waived the attorney-client privilege with respect to a letter seized during a criminal investigation where he "did nothing to recover the letter or protect its confidentiality during the six month interlude between its seizure and introduction into evidence." *Id.* The Ninth Circuit noted that the defendant could have filed a motion to suppress or a motion for return of property. *Id.* at 749 n.2.

## DISCUSSION

The Court concludes that the Nangia proposal was never privileged and that even if it had been privileged, the privilege has been waived. The Nangia proposal is not a communication made for the purpose of seeking or receiving legal advice. It contains no legal advice. The primary purpose of the proposal is to outline business advice that Defendants Mittal and Axeno sought and Nangia Andersen offered to provide relating to setting up a company in the United States to expand Defendant Axeno's market. Thus, the attorney-client privilege never covered the Nangia proposal.

---

[1] The Ninth Circuit declined to decide whether it would be enough for legal advice to be "*a* primary purpose" of a communication, and suggested that such a test may not apply outside the context of corporate internal investigations. 23 F.4th at 1094-95.

Nor have Defendants met their burden to show that they did not waive the privilege. Defendants did not take reasonable measures to claw back the Nangia proposal. As Defendants themselves point out, the Nangia proposal was quoted in the complaint. It was also described with sufficient particularity to be identifiable. *See* Compl. ¶ 122. The complaint was filed on April 23, 2021. Defendant ADX Consulting waived service on June 1, 2021. ECF 6. Defendant ADX is a company founded and operated by Defendant Mittal and other high-level executives of Defendant Axeno. Mittal Decl. Summ. J. ¶ 20. Defendant Mittal saw the complaint in Spring 2021. Def. Reply 23. In May 2021, Defendants' counsel contacted Plaintiffs' counsel to demand that Plaintiffs stop reading Defendants' emails, but the demand was informal, Plaintiffs did not agree to it, and Defendants did not follow up on it. *Id.* at 24 (citing Pl. Mot. to Extend Fact Discovery Deadline 4, ECF 89). Instead, Defendant Axeno set up a new email server, moved its emails to that server, and deleted the emails on the server it had shared with Plaintiffs. *Id.* Defendants assert that they reasonably believed these measures cabined the damage. *Id.* But they did not move to strike the quote from the Nangia proposal from the complaint or seek other relief. *E.g.*, *Vedanti Licensing Ltd., LLC v. Google LLC*, No. 320CV01344BENWVG, 2021 WL 5973060, at *5 (S.D. Cal. Mar. 5, 2021) (denying Google's motion to strike privileged material in the complaint because Google did not move to strike that material from the public docket in another case that had been pending for five years).

After Defendants Mittal and Axeno were served in April 2022, Defendant Axeno did not claim privilege for the Nangia proposal or try to claw it back. Instead, in November 2022, Defendants sent a letter to the Court representing that they had just learned that Plaintiffs had obtained hundreds of Defendants' emails. Defendants state that it was in November 2022 that they asked Plaintiffs to sequester the emails. Def. Reply 25. While Defendants point to Plaintiffs'

responses in their answer to Defendants' counterclaims and the slow pace of Plaintiffs' production as reasons for their delay, *id.* at 24-25, the Nangia proposal was quoted and described in the complaint. From the moment they appeared in this case, Defendants Mittal and Axeno had enough information to assert the attorney-client privilege. They did not do so. And Defendants did not seek the Court's intervention until many months after they were aware of the disclosure of the Nangia proposal. They did not pursue all reasonable measures to preserve the confidentiality of the Nangia proposal. *See de la Jara*, 973 F.2d at 748, 750. Even if the Nangia proposal had been covered by the attorney-client privilege, Defendants waived the privilege by failing to take all reasonable measures to preserve it.

## CONCLUSION

The Nangia proposal is not protected by the attorney-client privilege. Defendants are to produce an unredacted copy of the Nangia proposal and provide it to Plaintiffs.

IT IS SO ORDERED.

DATED:  April 11, 2023  .

_____
MARCO A. HERNÁNDEZ
United States District Judge