IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON MEYER, an individual;
ARGIL DX LLC f/k/a ZAP
TECHNOLOGY SOLUTIONS LLC, a
Nevada limited liability company; and
ARGIL DX, putative partnership,

                Plaintiffs,

      v.

ANKUR MITTAL, an individual; AXENO
CONSULTING PVT. LTD. f/k/a
ARGILDX CONSULTING PVT. LTD.
f/k/a ACCUNITY SOFTWARE PVT.
LTD., an Indian private company; and
ADX CONSULTING INC., a Texas
corporation,

                Defendants.

No. 3:21-cv-00621-HZ

OPINION & ORDER

Adam D. Rose
Eric C. Lang
Rose Law Firm, P.C.
5200 Meadows Rd, Ste 150
Lake Oswego, OR 97035

David S. Aman
Aman Law LLC

14705 SW Millikan Way
Beaverton, OR 97003

      Attorneys for Plaintiffs

Sara Cotton
Nika Aldrich
Mario Delegato
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave, Ste 1900
Portland, OR 97204

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Defendants move to strike certain opinions in the rebuttal report of Plaintiffs' expert,

Tiffany R. Couch. Def. Mot. to Strike, ECF 194. For the following reasons, the Court denies the

Motion.

## BACKGROUND

This case centers on the parties' former business relationship. The Court has recounted

the facts in detail in addressing the parties' motions for summary judgment and will not repeat

them here. Both parties provided expert reports regarding damages for lost profits. The parties

served opening expert reports on June 28, 2023. Aldred Decl. in Support of Mot. to Strike Ex. 94

("Morones Report"), ECF 196; Aldred Decl. in Support of Mot. for Summ. J. Ex. 20 ("Couch

Report"), ECF 189. Plaintiffs submitted a rebuttal report from their expert, Ms. Couch, on

August 3, 2023. Aldred Decl. in Support of Mot. for Summ. J. Ex. 93 ("Couch Rebuttal"). That

was the date expert discovery closed. ECF 145. Relevant here, Ms. Couch provided certain

opinions in her initial report about Plaintiffs' lost profits from Defendant Axeno's side projects

(Opinion 5), Defendant Axeno's net profits from Plaintiff Zap's revenues (Opinion 6), the losses

Plaintiff Zap sustained from the Ernst & Young ("EY") contract (Opinion 7), and the total potential losses to Plaintiff Zap based on the foregoing (Opinion 8). Couch Report 4-5.

Defendants' expert, Serena Morones, provided opinions about Defendant Axeno's lost profits from (1) Plaintiff Zap's side projects, (2) Plaintiff Zap's projects using partnership property after the partnership ended, and (3) certain other projects for which Plaintiff Zap did not share profits. Morones Report 12, 15. She used a different methodology for calculating damages than Ms. Couch. In her rebuttal report, Ms. Couch reaffirmed her Opinions 5 and 6. Couch Rebuttal 2-3. She criticized various aspects of Ms. Morones' report and used Ms. Morones' methodology to calculate damages for the categories of losses identified in Opinions 5, 6, and 8 of the initial Couch Report. *Id.* at 2-6. She noted a typographical error in Opinion 7 and corrected it in her rebuttal report but did not otherwise change that opinion. *Id.* at 3. Defendants now move to strike Rebuttal Opinions 5, 6, 7, and 8.

## STANDARDS

Rule 26 sets a timeline for serving expert witnesses' written reports. Fed. R. Civ. P. 26(a)(2)(D). The rule distinguishes between initial expert reports and rebuttal expert reports, which are due at different times. *Id.* A rebuttal expert report is one that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal expert reports necessitate a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their responsive reports." *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5521986, at *3 (D. Or. Sept. 16, 2015) (internal quotations omitted). They may be used to "explain, repel, counteract or disprove evidence of the adverse party," but should not be used to present new arguments. *Id.* (internal quotations omitted).

An untimely expert report may not be used unless the failure to timely disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)). District courts may therefore strike as untimely a purported rebuttal expert report that does not qualify as a rebuttal report. *E.g.*, *Century Indemnity*, 2015 WL 5521986, at *6 ("Robertson's report is not a proper rebuttal report. Because it is not, St, Paul should have disclosed it with initial expert disclosures.").

## DISCUSSION

Defendants do not argue that Ms. Couch's rebuttal report was not served by the deadline for rebuttal reports; rather, they argue that Ms. Couch's Rebuttal Opinions 5, 6, 7, and 8 are untimely because they are improper rebuttal opinions. Def. Mot. to Strike 1. Plaintiffs counter that Rebuttal Opinion 7 fixed a minor error, while Rebuttal Opinions 5, 6, and 8 apply Ms. Morones' methodology to Defendant Axeno's side profits in order to give a complete picture of damages. Pl. Resp. 1, ECF 204. The Court agrees with Plaintiffs that the Rebuttal Opinions are permissible.

The Court first addresses Rebuttal Opinion 7. As Plaintiffs state, Ms. Couch corrected a typographical error in her calculations that resulted in a minor change in the amount of damages. *Id.*; Couch Rebuttal 3. This correction was appropriate and is not a basis to strike the opinion. The Court will not strike Rebuttal Opinion 7.

The other three Rebuttal Opinions—5, 6, and 8—may be addressed together because the same analysis applies to all three. In her Opening Report, Ms. Morones explained her methodology for calculating Defendants' lost partnership profits. Morones Report 11-12. She performed her calculations based on a review of Plaintiff Zap's books and records, but not Defendant Axeno's books and records. *Id.* at 7. In her rebuttal report, Ms. Couch wrote that "Ms.

Morones' report was limited in scope and pertained solely to an examination of Argil DX (Zap)."

Couch Rebuttal 3. She wrote that Ms. Morones failed to acknowledge losses to Plaintiff Zap

from Defendant Axeno's side projects during the period for which she acknowledged losses to

Defendant Axeno from Plaintiff Zap's side projects. *Id.* Ms. Couch disputed Ms. Morones'

assertion that Plaintiff Zap owed Defendant Axeno for lost profits related to side projects,

concluding that Defendant Axeno earned greater profits from side projects during the same

period, resulting in an overall balance owing from Defendant Axeno to Plaintiff Zap. *Id.* at 6.

Ms. Couch wrote that her "professional opinion" on Opinion 5 "remain[ed] unchanged," but

submitted calculations using the method Ms. Morones used. Couch Rebuttal 2. She wrote that

the calculations "should not be construed as an agreement with Ms. Morones (or, as an error on

my part); rather, they are presented herein to provide consistency between her calculations and

mine." *Id.* She did the same for Opinion 6. *Id.* at 3. In sum, Ms. Couch asserted that by failing to

consider Defendant Axeno's side projects in her analysis, Ms. Morones incorrectly calculated the

amount of damages and to whom they were owing. This was a proper rebuttal opinion.

In reply, Defendants argue that Ms. Couch did not seek to contradict or rebut Ms.

Morones' opinion but rather replace her prior opinion and use Ms. Morones's opinion as a basis

for a new damages calculation. Def. Reply 3, ECF 216. They rely on *Armer v. CSAA Gen. Ins.

Co.*, 2020 WL 3078353 (D. Ariz. June 10, 2020) and *Canning v. Medtronic Inc.*, 2022 WL

1092801 (D. Ariz. Apr. 12, 2022). *Id.* at 2-3. In *Armer*, the plaintiff's opening expert report

argued that the plaintiff's pelvic fracture was caused by a car accident; after the defendant's

opening report persuasively asserted that the plaintiff had a preexisting pelvic fracture, the

plaintiff served a rebuttal report asserting that the car accident had exacerbated the pelvic

fracture. 2020 WL 3078353, at *2-*4. The district court concluded that although it was a close

call, the rebuttal report did not qualify as a true rebuttal. *Id.* at *5. First, the district court concluded that the plaintiff's experts did not seek to contradict or rebut the defendant's experts but to adopt their theory "and then utilize the adopted opinion as the springboard for an entirely new theory of causation[.]" *Id.* at *6. Second, the district court stated that the defense's position was not a surprise to the plaintiff given the evidence in the case and the parties' settlement negotiations, so the plaintiff could have addressed the issue in an opening report. *Id. Canning* is similar; it involved a rebuttal expert report in a product liability case that introduced a new argument about the feasibility of an alternative product design, thereby changing the plaintiff's theory of liability. 2022 WL 1092801, at *7.

This case is different from *Armer* and *Canning*. First, Ms. Couch did not adopt Ms. Morones' approach; she reaffirmed her original opinions and methodology. Her rebuttal criticized Ms. Morones' approach as considering only Defendant Axeno's losses from Plaintiff Zap's side projects and not Plaintiff Zap's losses from Defendant Axeno's side projects during the same period. Based on that criticism, Ms. Couch performed the calculations accounting for both parties' lost profits from the other's side projects, concluding that damages are due and owing to Plaintiff Zap, not Defendant Axeno, when both parties' lost profits are considered. Ms. Couch's rebuttal did not introduce a new theory of liability or even a new theory of damages; it simply completed calculations based on the method Ms. Morones used. And Plaintiffs could not have known what methodology Ms. Morones would use until they were served with her initial report. Defendants appear to suggest that Ms. Couch should have anticipated Ms. Morones' methodology because it was what Plaintiffs pleaded in their Complaint, Def. Mot. 8-9, but it is unreasonable to expect Plaintiffs to assume that Defendants would adopt the methodology Plaintiffs pleaded in the Complaint.

Defendants assert that Ms. Couch's rebuttal has "two, discrete sets of opinions." Def.

Reply 4. The opinions Defendants identify are not as discrete as Defendants assert. Ms. Couch

provided several opinions criticizing perceived shortcomings in Ms. Morones' report. Couch

Rebuttal 5-7. Those criticisms included (1) failure to examine Defendant Axeno's books, (2)

failure to acknowledge loss to Plaintiff Zap related to the EY contract, and (3) failure to calculate

the loss to Plaintiff Zap from Plaintiff Axeno's side projects. *Id.* at 5-6. Ms. Couch then provided

calculations of damages using Ms. Morones' methodology to address the identified

shortcomings. *See* Pl. Resp. 3-5. The challenged Rebuttal Opinions are proper rebuttal opinions,

and the Court will not strike them.

## CONCLUSION

The Court DENIES Defendants' Motion to Strike [194].

IT IS SO ORDERED.


DATED:  February 1, 2024        .




_____
MARCO A. HERNÁNDEZ
United States District Judge